### ZERR v. HOWELL et al.

No. 9592.

Court of Civil Appeals of Texas. San Antonio.

June 19, 1935.

Rehearing Denied July 17, 1935.

Pfeiffer & Sanders, of San Antonio, for appellant.

Elmer W. Stahl and A. R. Sohn, both of San Antonio, for appellees.

BICKETT, Chief Justice.

This is an appeal by E. M. Zerr, plaintiff below, from the judgment of the district court allowing him a recovery of $1,632 against Clarence F. Hutches, a defendant below, but denying him any recovery against G. C. Howell, also, a defendant below, in whose hands there was impounded by temporary injunction the sum of $1,254 belonging to Hutches upon the claim of plaintiff that he was entitled to have a lien established or a trust impressed upon that fund.

Hutches executed and delivered to Zerr his promissory note for the principal sum of $2,000, dated February 23, 1932, payable to the order of Zerr on or before July 23, 1932, bearing interest at the rate of 8 per cent. per annum, reciting the execution of a chattel mortgage upon an undivided one-half interest owned by Hutches in certain lots of pecans then in storage. This note, apparently, representing an actual loan for $1,100, bears an indorsement of the same date of its execution showing that $900 of the principal sum thereof was canceled. Zerr testified that, in the negotiations for the loan, Hutches proposed to assign to him a one-half interest in the profits from the sales of thirty-one or thirty-two cars of pecans. A few days later, at the time of the consummation of the loan, Hutches executed a chattel mortgage, dated the same date as the note and covering certain lots of pecans therein described in order to secure the payment of the note.

On April 9, 1932, Zerr entered into partnership with Hutches and Howell in the business of buying and selling pecans. The pecans described in the chattel mortgage, which were a part of the 1931 crop, were placed in the partnership business as a part of its stock and were daily exposed to sale and so sold in the ordinary course of business. Zerr was styled the "production manager," and actively participated in the business. Howell, with the full knowledge and consent of the other two, exercised the control over the bank account and gave instructions to the bookkeeper for the issuance of bank checks. There was a complete intermingling of the unsold pecans described in the mortgage and those of the 1932 crop as the latter came in, and, likewise, of the proceeds of the sales of all of the pecans. This intermingling of the pecans and the proceeds of the sales thereof was done with the knowledge and consent of Zerr. The partnership between the three was terminated on January 31, 1933.

On June 23, 1933, Howell had in his possession the sum of $1,254, representing the balance due to Hutches as the latter's proportionate part of the profits from the partnership enterprise covering the period from April 9, 1932, to January 31, 1933. It was impossible to identify any portion of this fund as having arisen from the lots of pecans described in the chattel mortgage.

■ The prior proposals and negotiations between Zerr and Hutches were merged into the written instruments, that is, the note and chattel mortgage. Accordingly, the proposal to give an assignment of the proceeds from sales of the pecans, as testified to by Zerr, was ultimately of no legal effect. And, as ruled by the trial court, the rights, if any, of Zerr against the fund of $1,254 depend upon the mortgage.

■ Zerr having entered into the partnership and having permitted the intermingling and sale of the pecans waived his lien upon the specific property.

■ No portion of the fund of $1,254 having been definitely traced or identified as proceeds of the particular pecans upon which Zerr formerly had a lien, the fund was not subject to a lien or impressed with a trust in his favor. That fund was the cash remnant of Hutches' share of the general partnership business. There was no lien, because it had ceased to exist. And

there was no trust, because the proceeds of the mortgaged pecans could not be traced. There was no act of wrongdoing on Howell's part in depositing all moneys of the partnership in its bank account, especially, in view of the active participation and consent of Zerr. It was not, therefore, a case of the wrongful intermingling of trust funds with the trustee's private funds so as to cause the entire remaining fund to be first subjected to the payment of the trust funds. Zundell v. Gess, 73 Tex. 144, 10 S. W. 693.

We do not say that the fund belonging to Hutches in the hands of Howell cannot be reached by other process of the law in the enforcement of the judgment, but only hold that it is not subject to a lien or impressed with a trust in favor of Zerr.

The judgment of the district court is affirmed.